# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DIVISION OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NICOLAS WATSON, | )( | |
| Plaintiff, | )( | CIVIL ACTION NO.: 4:15-cv-1300 |
| V. | )( | AMENDED ORIGINAL COMPLAINT |
| THE CITY OF HOUSTON, TEXAS; | )( | JURY TRIAL |
| FELIPE GALLEGOS, JR., INDIVID., | | |
| and RICARDO EDUARDO PEREZ, | )( | |
| INDIVID., | | |
| | )( | |
| Defendants. | | |

## PLAINTIFF'S FIRST AMENDED[1] ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

NOW COMES Plaintiff NICOLAS WATSON amending his complaint under FRCP 15(a)(1)(B) complaining of THE CITY OF HOUSTON, TX; FELIPE GALLEGOS, JR., and RICARDO EDUARDO PEREZ, INDIVID., and will show the Court the following:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any.

2.    Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Harris County, Texas within the United States Southern District of Texas.

---

[1] Pursuant to FRCP 15(a)(1)(B) Plaintiff amends his complaint "as a matter of course" within 21 days after the defendants' filing of a motion to dismiss under FRCP 12(b)(6) and a motion for a more definite statement under FRCP 12(e).

PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT                    Page 1

## **PARTIES**

3.      Plaintiff Nicolas Watson is a resident of Harris County, Texas.

4.      The City of Houston, Texas, is a municipality existing under the laws of the State of Texas and situated mainly in Harris County, Texas in the U.S. Southern District of Texas and can be served with process by serving the City of Houston Secretary at 901 Bagby, Houston, TX 77012.

5.      Defendant Felipe Gallegos, Jr., individually, can be served with process at 61 Reisner, Houston, TX 77002.

6.      Defendant Ricardo Eduardo Perez, individually, can be served with process at 61 Reisner, Houston, TX 77002.

## **NUTSHELL**

7.      Plaintiff arrived at home from work when two Houston police officers drove up, drew guns on the plaintiff in his own yard and then tackled, punched, kicked and choked plaintiff. The officers then took plaintiff a block away to a home where an attempted burglary had taken place. The victim said that plaintiff was not the suspect. The description of the actual suspect and plaintiff was vastly different.

8.      Plaintiff can no longer work due to his physical injuries and suffers from post traumatic stress disorder. Plaintiff filed an internal affairs complaint and the officers did not receive any discipline in the matter.

## FACTS

9.      Nicolas Watson ("Nicolas") 36, is a resident of Harris County, Texas. Nicolas has three children. Prior to the incidents made the subject of this civil action Nicolas had been a truck driver for 12 years.

10.     August 6, 2013 at around 1 AM Nicolas got off work from driving a truck. Nicolas stopped at a Jack In The Box Restaurant at around 2 PM and got a meal and drink. Nicolas then proceeded home.

11.     Nicolas arrived at home and parked in the driveway. After he got out of his vehicle a white sedan with dark tinted windows pulled up and blocked Nicolas' driveway.

12.     Defendant Felipe Gallegos, Jr., (Officer Gallegos) and Defendant Ricardo Eduardo Perez (Officer Perez) jumped out of the vehicle with guns drawn and said something akin to "Freeze, motherfucker." The officers approached Nicolas who had his hands up with his meal and drink in his hands. Nicolas stated "What's going on, I live here." Officer Gallegos then punched Nicolas in the face and Nicolas' meal went flying. Officer Perez got behind Nicolas and put Nicolas in a choke hold and began suffocating Nicolas and was thrown to the ground. Officer Gallegos kicked Nicolas in the head and Nicolas went unconscious. Nicolas was also punched many times and other force was used upon him.

13.     The officers eventually put Nicolas in handcuffs and drug him to Nicholas' vehicle and searched Nicolas, his wallet and his car, all without permission.

14.     The officers asked where Nicolas came from and Nicolas told officers he came from Jack In The Box. Nicolas' mother was outside by this time and said that Nicolas was a working man and that he did not do anything wrong.

15.     A marked HPD patrol car came by and picked up Nicolas and took Nicolas around

a block away in the back seat. The HPD car pulled up to a residence. Nicholas asked to see a supervisor but was refused.

16.     The police then went inside the residence and eventually came back. One HPD officer then came back and told Nicolas that there had been a break in at the residence.

17.     The police officer then took Nicolas back to his house.

18.     Later, in the afternoon Nicolas went to Ben Taub Hospital for treatment. Among many other injuries the choking caused Nicolas eyes to hemorrhage. See photo at **Exhibit 1.** Other injuries and conditions included at least:

Concussion

Post traumatic headaches

Post concussion headache

Facial contusion

Subconjunctival hemorrhage

Cervicalgia

Cervical strain

Cervical radiculitis

Strain of thoracic region

Lumbar strain

Lumbar radiculitis

contusion of chest wall

Contusion of elbow

contusion of knee

Derangement of knee

Myofascilitis

Spasm of muscle

Post-traumatic stress

19.    Nicolas filed a complaint with the Houston Police Internal Affairs Department reporting the events, however, no officer received any discipline for any thing related to excessive force or false arrest or wrongful detention. No police officer was injured.

20.    Nicolas has been unable to work since the incident and has suffered at least depression, anxiety, fear, anger, and loss of sleep, loss of enjoyment of life, decreased mobility and constant pain.

21.    At all times Nicolas was acting in a lawful manner nor was there any actions by Nicolas which would arouse suspicion that he had committed any crime. He was innocent.

22.    The City of Houston is responsible for the discipline, training and the well-established practices of it's police officers.

23.    At all times Nicolas cooperated with the police and did not resist or otherwise commit any crime nor was there any probable cause that Nicolas had committed any crime.

24.    Officer Gallegos has previously detained an individual without reasonable suspicion of probable cause. On May 16, 2011, Officer Gallegos arrested a man as the man prayed on a public sidewalk in front of a Planned Parenthood Clinic in the 4600 block of the Gulf Freeway.

25.    Charles Chukwu in 2008 and Trenton Garrett in 2009 were severely beaten at a Houston jail by City of Houston employees without valid reason and despite, in both cases, there being a video of the incident clearly showing excessive force no City of Houston employee was disciplined in the matter even though IAD investigations were performed in both cases. Many other people have been injured by excessive force used by Houston police officers.

PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT                    Page 5

26.     Chad Holey was severely beaten by Houston Police officers in 2011 without just cause. There are many more examples of excessive force by the Houston Police Department. If investigated by the Houston Police Internal Affairs Department the officers are not disciplined despite strong evidence of excessive force

## VIOLATION OF THE 4TH AND 14TH FOURTEENTH AMENDMENTS

27.     Nicolas incorporates all preceding paragraphs as if set fully set forth herein.

28.     The Fourth Amendments guarantees that no one shall be "deprived of life, liberty or property without due process of law" and that everyone has the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV and XIV.*   Such violations are actionable pursuant to 42 U.S.C. Section 1983 and 1988.

29.     The force used by the individually named defendants, was in great excess to the need to use such force and constituted an Unreasonable Seizure of Nicolas. There was no probable cause to arrest nor reasonable suspicion to detain Nicolas. The individually named defendants failed to intervene to stop the excessive force, false arrest and wrongful detention and failed to supervise to stop the Constitutional violations.

30.     The City of Houston has a custom, policy, practice, and procedure of using excessive force on individuals and not disciplining (including firing) or training officers adequately and is, therefore, liable under 42 U.S.C. Section 1983 and 1988. The City does not have the policies and practices in place to prevent excessive force, false arrests and detentions.

31.     The City of Houston Internal Affairs Division thoroughly reviewed the evidence and gave no discipline to the officers despite there being overwhelming evidence of excessive force and wrongful detention, thereby, ratifying defendants' actions as the policy and practice of

the City of Houston.

## ASSAULT AND BATTERY AND FALSE IMPRISONMENT

32.     Nicolas incorporates the preceding paragraphs as if fully set forth herein.

33.     The individually named defendants assaulted Nicolas and falsely imprisonment him and caused the damages described herein.

## SUPERVISORY LIABILITY

34.     Nicolas incorporates the preceding paragraphs as if fully set forth herein.

35.     The individually named defendants were aware of what was happening to Nicolas and had a duty to supervise but failed to intervene and prevent the unreasonable searches and seizure and excessive force, assault and battery, and false imprisonment and are sued pursuant to 42 U.S.C. Section 1983 and 1988. See *Roberts v. City of Shreveport*, 397 F.3d 287, 291 (5th Cir. 2005).

## DELIBERATE INDIFFEENCE

36.     Nicolas incorporates all preceding paragraphs as if set fully set forth herein.

37.     All the Unconstitutional actions and inactions of the defendants were done with deliberate indifference to Nicolas' Constitutional rights.

## ACTING IN CONCERT AND CONSPIRACY

38.     Nicolas incorporates all preceding paragraphs as if set fully set forth herein.

39.     The Individually named defendants all acted in concert and conspiracy and,

therefore, each is liable for Nicolas' damages regardless the level of damages individually inflicted. Because of the concerted action of the individual defendants it may not be possible to apportion damages between the individual defendants.

## MENTAL ANGUISH

40.     Nicolas incorporates all preceding paragraphs as if set fully set forth herein.

41.     Nicolas sustained severe injuries and suffered great physical pain and discomfort and at least anxiety, unconsciousness, dizziness, fear, anxiety, memory loss and depression because of the acts of the individually named defendants and, therefore, Nicolas seeks damages for mental anguish past, present and future as well as the pain and suffering, past and future, and other damages set forth above.

## PUNITIVE DAMAGES

42.     Nicholas incorporates all preceding paragraphs as if set fully herein.

43.     The individually named defendants, actions and inactions, cause them to be liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## ATTORNEYS' FEES

44.     Nicolas is entitled to recover attorneys' fees and costs to enforce his Constitutional rights and under 42 U.S.C. Sections 1983 and 1988.

## JURY TRIAL

45.    Nicolas requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nicolas Watson requests that the Court:

A.    Enter judgment for the plaintiff and against The City of Houston, and the Defendants Gallegos and Perez, Individually, holding them all jointly and severally liable;

B.    Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all defendants;

C.    Award damages to Plaintiff for the violations of his rights under the Fourth and Fourteenth Amendments;

D.    Award Pre- and post-judgement interest;

E.    Award Punitive damages against each and every individually named defendant, and

F.    Grant such other and further relief as appears reasonable and just, to which plaintiff shows himself entitled.

RESPECTFULLY SUBMITTED,
LAW OFFICE OF RANDALL L. KALLINEN PLLC

/s/ Randall L. Kallinen
Randall L. Kallinen
State Bar of Texas No. 00790995
Southern District of Texas Bar No.: 19417
Admitted, Fifth U.S. Circuit Court of Appeals
511 Broadway Street
Houston, Texas 77012
Telephone:    713.320.3785
FAX:          713.893.6737
E-mail:AttorneyKallinen@aol.com
Attorney for Plaintiff

PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT                    Page 9

/s/ Jeralynn Manor
Jeralynn Manor, Esq.
The Manor Law Firm
State Bar of Texas No.: 24032064
Southern District of Texas No.: 378163
1730 Jefferson, Ste. 217
Houston, Texas 77003
Telephone:    713.225.2667
FAX:          832.778.8112
E-mail:       Jmanor@manorlaw.net

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**
    A true and correct copy of the document to which this certificate is affixed has been filed and served through the ECF System of the U.S. Southern District of Texas on July 8, 2015.

Van Garner, atty.
City of Houston
P.O. Box 368
Houston, Texas 77001-0368                    /S/ Randall L. Kallinen
                                             Randall L. Kallinen